**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CATHERINE P. MORALES | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) 22-cv-05144 |
| | ) |
| RANDOLPH PLACE CONDOMINIUM | ) Judge Thomas M. Durkin |
| ASSOCIATION, ET AL | ) |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) |

**MOTION TO BAR PLAINTIFF FROM PRESENTING
MEDICAL WITNESS TESTIMONY**

**NOW COME** Defendants, RANDOLPH PLACE RESIDENCES CONDOMINIUM ASSOCIATION ("RPRCA") and INFOCUS BUILDERS, INC. ("INFOCUS") by and through their attorneys, JEFFREY S. PAVLOVICH of LEAHY, EISENBERG & FRAENKEL, LTD., and hereby move this Honorable Court, pursuant to FRCP 37, to bar Plaintiff from presenting medical witness testimony at trial. In support, Movants state as follows:

**PLAINTIFF SHOULD BE BARRED FROM
CALLING MEDICAL WITNESSES TO TESTIFY AT TRIAL**

1.  Under FRCP 26(a)(1)(A), Plaintiff must, without awaiting a discovery request, provide to the other parties:

    (i)  The name and, if known, the address and telephone number of each individual likely to have discoverable information – ***along with the subjects of that information*** – *that the disclosing party may use to support its claims* and defenses, unless the use would be solely for impeachment [emphasis added].

2.  Attached is Plaintiff's Initial Disclosures. Under § I, Plaintiff lists eight medical witnesses: Dr. Sadia Rashid, M.D., Rajiv Srinivasa, M.D., Neil Thomas Carsten, M.D., Kimberly Kidd Bushe, Michelle Cosman, P.T., Kate E. Sautell, P.T., Jodi Chambers Hisey, and Kelly Cavenecia. Plaintiff identifies each by name, job title, address and phone number. *Plaintiff fails to provide the subject of the information that Plaintiff may use to support her claims.*

3.      Thereafter, Plaintiff served her responses to interrogatories propounded by RPRCA and INFOCUS, a copy of which is attached as Exhibit B.  In response to Interrogatory #4, requesting the identity of each lay witness who will testify at trial and all other information required for each witness, Plaintiff merely referenced her prior Initial Disclosures.

4.      Despite numerous requests by defense counsel, Plaintiff has failed to supplement the prior disclosures and/or interrogatory response, and provide specifically the subjects of the information that Plaintiff intended to elicit from the medical witnesses at trial.  See the attorneys' recent e-mail thread attached as Exhibit C, for example.

5.      There is no reasonable explanation why Plaintiff has not disclosed the subject of the information that she intended to elicit from each of these medical witnesses in support of her claims.

6.      The Defendants are prejudiced by the Plaintiff's failure to provide the required information as to each witness.

7.      The Defendants request that the Plaintiff be barred from calling any medical fact witness from testifying at trial.

## ALTERNATIVELY, PLAINTIFF'S MEDICAL WITNESSES SHOULD BE BARRED FROM PROVIDING ANY OPINIONS

8.      Per Exhibit C, and notwithstanding her failure to provide the requested subject matter disclosure noted above, Plaintiff's counsel contends that Plaintiff can call any or all of the eight medical witnesses to testify regarding "facts".

9.      In this lawsuit, Plaintiff claims that she suffered injuries to her back resulting in a vertebroplasty procedure.  The medical records reflect that x-rays were reported to have depicted "age-indeterminate" compression factures at three different levels of her lumbar spine. Vertebroplasty was performed on one of those levels.

10.     To prove her damages claim, Plaintiff will require numerous medical opinions for consideration by the jury, including, but not limited to:

(a)     Whether any of the compression fractures pre-dated her accident;

(b)     A diagnosis of any injury she claimed to have suffered in the subject accident;

(c)     Whether the diagnosed condition was caused by the subject accident;

(d)     The necessity of the medical treatment needed to address the diagnosed condition resulting from the accident;

(e)     The reasonableness of the medical treatment needed to address the diagnosed condition resulting from the accident;

(f)     The success of any medical treatment rendered for diagnosed conditions caused by the subject accident;

(g)     Any limitations suffered by Plaintiff as a result of the claimed condition caused by the subject accident;

(h)     The extent of any further medical treatment that may be necessary to treat the claimed condition caused by the subject accident;

(i)     The extent of any further medical treatment that may be reasonable to treat the claimed condition caused by the subject accident; and

(j)     Plaintiff's prognosis of her claimed medical condition caused by the subject accident.

11.     None of the listed opinions are within the ken of jurors, and therefore require expert support.

12.     Plaintiff was given until July 30, 2024 to provide expert witness disclosures pursuant to FRCP 26(a)(2)(C).

13.     Pursuant to FRCP 26(a)(2)(C), Plaintiff was to disclose any opinion witnesses' subject matter, and the summary of the facts and opinions to which the witness was expected to testify.

14.     As indicated in the e-mail thread attached as Exhibit C, Plaintiff elected not to make any such disclosures of anticipated opinion witnesses, including by any medical professional.

3

15.     If this Honorable Court were to allow any disclosed medical witness to testify merely to the facts in that witnesses' knowledge, notwithstanding Plaintiff's failure to disclose the subject matter as indicated in the first section of this motion, Defendants request this Honorable Court to bar any such medical witness from testifying as to any opinions, including, but not limited to, any opinions identified in paragraph 11 above.

16.     Defendants have conferred with Plaintiff regarding the foregoing, as evidenced in Exhibit C.

**WHEREFOR**E Defendants, RANDOLPH PLACE RESIDENCES CONDOMINIUM ASSOCIATION, INFOCUS BUILDERS, INC., pray that this Honorable Court bar Plaintiff from calling any medical witness to testify at the time of trial.  Alternatively, Defendants request this Honorable Court to limit any such medical witness testimony to facts, and bar any opinions being expressed by a medical witness.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

By:     */s/ Jeffrey S. Pavlovich*
        Jeffrey S. Pavlovich

LEAHY, EISENBERG & FRAENKEL, LTD.
58 E. Clinton Street, Suite 200
Joliet, Illinois 60432
Ph.:    815-723-6514
Fax:    815-723-7466
jsp@lefltd.com
*Counsel for Defendants*
\LEFPL19\PROLAWFILES\DOCUMENTS\PEKIN TENDER - JSP\21979\PLEADINGS\1302872.DOCX

## CERTIFICATE OF SERVICE

I, Jeffrey S. Pavlovich, certify that I filed and served this document on all counsel of record, via the Court's ECM on this 15th day of August, 2024.

*/s/ Jeffrey S. Pavlovich*

4