IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATHERINE P. MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 22 C 5144 |
| v. ) | |
| ) | Magistrate Judge |
| RANDOLPH PLACE ) | Daniel P. McLaughlin |
| RESIDENCES CONDOMINIUM ) | |
| ASSOCIATION et al., ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Randolph Place Residences Condominium Association and Infocus Builders' Motion to Bar Plaintiff from Presenting Medical Witness Testimony [86]. For the reasons that follow, Defendants' Motion is denied without prejudice.

**BACKGROUND**

Plaintiff Catherine P. Morales brought this action under federal diversity jurisdiction alleging that she sustained an injury while entering the Randolph Place building. [1] at ¶¶ 1-4. Plaintiff made her initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26 on December 14, 2022. [90] at 2. Defendants then filed their Motion to Bar Plaintiff from Presenting Medical Witness Testimony on August 15, 2024. [86]. Plaintiff responded to the Motion on August 30, 2024 and Defendants replied on September 13, 2024. [90], [92]. The Motion is now ready for the Court's review.

1

## LEGAL STANDARD

"Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..., identifying the subjects of the information…To ensure compliance with these discovery requirements, Rule 37 provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed. This court has stated that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. However, we also have stated that [t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003) (internal quotations and citations omitted).

## DISCUSSION

Plaintiff disclosed eight medical fact witnesses pursuant to Rule 26(a)(1). [86]-1. Defendants ask the Court to bar these witnesses from testifying at trial and from "providing any opinions"[1] as a discovery sanction for failing to "[p]rovide the subjects

---

[1] The Court declines to consider further Defendants' request to "[l]imit any such medical witness testimony to facts, and bar any opinions being expressed by a medical witness." [86] at 4. The medical witnesses at issue are disclosed as fact witnesses, yet Defendants ask the Court to, in effect, make a ruling as to expert witness testimony. *See* [86]-1. To the extent that Defendants have concerns about

2

of the information that Plaintiff intended to elicit from the medical witnesses at trial." [86] at 2.

This case is referred to the magistrate judge for discovery supervision and settlement. [42]. In light of the referral's scope, Defendants' Motion is denied without prejudice. "[T]he request to bar is more properly directed to the trial judge, not this Magistrate Judge charged only with supervising discovery in this case and settlement." *Dunn v. Brown*, No. 20 CV 5645, 2022 WL 19323, at *4 (N.D. Ill. Jan. 3, 2022). Additionally, given that this case is still in the discovery phase, the Motion—which seeks relief at trial—is premature. The "[t]rial bar issue" would accordingly be better raised "[b]efore the trial judge at the appropriate time, if necessary." *Dunn*, 2022 WL 19323 at *4.

Even if the Motion were not premature and better suited for the District Judge, the Court would deny it on other grounds. Defendants put forth no caselaw supporting their argument that the Court should bar the trial testimony of the medical fact witnesses at this juncture of the case, when expert discovery is ongoing and trial has not been scheduled. Defendants also fail to articulate the specific provision of Rule 37 (which governs numerous discovery transgressions and related sanctions) that provides support for the requested relief. In other words, Defendants have given the Court no standard by which to evaluate their motion. "The Court will not make a party's arguments for [them], nor will it assemble the evidence necessary

---

medical witnesses being utilized at trial as hybrid witnesses without the proper expert disclosures, the Court believes such an argument would be better brought as a motion in limine. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) ("[D]isclosing a person as a [fact] witness and disclosing a person as an expert witness are two distinct acts.").

3

to support [their] position." *Riley v. City of Kokomo*, 2017 WL 897281, at *9 (S.D. Ind. Mar. 7, 2017), *aff'd*, 909 F.3d 182 (7th Cir. 2018) (citing *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004)). Defendants' argument is "perfunctory and undeveloped… [and] unsupported by pertinent authority," and would therefore be waived were it not already premature. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016).

Moreover, the Court notes that even if this argument were not premature and undeveloped, the Rule 26(a)(1) disclosures at issue would be sufficient. Plaintiff is only required to disclose the *subject matter of discoverable information* that the witness is likely to have. Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). This is not the same as requiring Plaintiff to disclose the anticipated *subject matter of trial testimony* of the disclosed witnesses as requested by Defendants. [86] at 2 (requesting that Plaintiffs "[p]rovide the subjects of the information that Plaintiff intended to elicit from the medical witnesses at trial"). S*ee also Scott v. City of Chicago*, No. 09 C 2201, 2012 WL 1319800, at *5 (N.D. Ill. Apr. 17, 2012) ("Plaintiff further argues that under Rule 26(a), defendants should have disclosed the subject matter of the witness' expected testimony. Not quite."); *Mossberger v. Kochheiser*, No. 14 C 7284, 2016 WL 2593359, at *4 (N.D. Ill. May 5, 2016) ("[B]ut Fed. R. Civ. P. 26(a)(1)(A) does not require a non-expert witness to submit in advance of trial what testimony he or she may offer.").

Furthermore, any insufficiencies in Plaintiff's Rule 26(a)(1) subject matter disclosures are likely harmless as Plaintiff provided the witnesses' job titles. Such

4

disclosures provide some notice of the discoverable information the witness is likely to have as a medical fact witness. Although Defendants argue that more explanation was necessary, "the [C]ourt bears in mind that the advisory committee notes to the Rule's 1993 amendment emphasize that the disclosure requirements should, in short, be applied with common sens[e]." *City of Chicago v. Purdue Pharma L.P.*, No. 14 CV 4361, 2017 WL 2819948, at *1 (N.D. Ill. Mar. 3, 2017) (internal quotations omitted). Applying common sense here would suggest that Plaintiff's disclosure of Dr. Carsten as an orthopedic surgeon,[2] for example, should inform Defendants that the likely subject matter of Dr. Carsten's discoverable information is orthopedic surgery. [86]-1 at 2. "As reflected in the rule, all that is required is a disclosure of the subject matter of the information, not even a summary and certainly not details about that witness's information." *McKinney v. Chicago Transit Auth.*, No. 20 C 6093, 2023 WL 349639, at *2 (N.D. Ill. Jan. 20, 2023). Furthermore, given that these witnesses were disclosed almost two years ago, and that Defendants have already received medical records from them, any error in terms of insufficient subject matter disclosure would also be moot and therefore harmless.

---

[2] Although the Court believes that any insufficiencies in the medical witness disclosures would likely be harmless given Plaintiff's provision of informative job titles, the Court would be remiss if it did not express its dissatisfaction with Plaintiff's handling of this dispute. As Plaintiff explained in her motion, she could have provided an additional sentence about the medical witnesses' subject matter (i.e. "Plaintiff's surgeon will testify about the surgery he performed on Plaintiff after the incident that led to her injuries") that would have undoubtedly been sufficient to satisfy Rule 26(a)(1)(A)(i) and may have obviated the filing of this motion. [90] at 4. The inclusion of such a sentence would have also given the Court more material with which to evaluate Plaintiff's disclosures (saving the Court's time and resources). An additional sentence would be worth providing. *City of Chicago*, 2017 WL 2819948 at *1 (pointing out that Rule 26 "[i]s not intended, however, to encourage litigants to indulge in gamesmanship with respect to the disclosure obligations").

Finally, the Court reminds the parties of their obligation to Local Rule 37.2, which requires parties to meet and confer in-person or via telephone in a good faith attempt to resolve discovery disputes before bringing such disputes to the Court. *See* L.R. 37.2. The party bringing a discovery dispute to the Court's attention bears the responsibility of articulating to the Court "[w]here the consultation occurred… in addition [to] the date, time and place of such conference, and the names of all parties participating therein." *Id*. Defendants did not comply with the local rule in preparing this Motion; they did not articulate the required details as to their attempts to meet and confer, instead stating that there were "numerous requests" by defense counsel as to the alleged disclosure deficiencies. [90] at 2. The Court warns the parties that it will likely strike future discovery motions that do not demonstrate compliance with Local Rule 37.2.

## CONCLUSION

For the foregoing reasons, Defendants' Motion [86] is denied without prejudice.

**SO ORDERED.**                                    **ENTERED:**

**DATE:      October 30, 2024**                    _____
                                                    **HON. DANIEL McLAUGHLIN**
                                                    **United States Magistrate Judge**

6